## W. T. BARNETT V. H. ELLIS ET AL.

[FILED MAY 18, 1892.]

1. **Account:** ASSIGNMENT: CONSIDERATION.   Where there is an absolute assignment of an account. so that the assignor parts with his entire interest therein, as between the parties the amount of consideration therefor is not a material inquiry.

2. ———: ———: ———: DEFENSES.   If there was a defense to the account when assigned, and the assignee is a mere donee, the same defense may be interposed as if the action was by the assignor.   If the assignor claims as a *bona fide* purchaser and the

rights of creditors are affected, the amount and kind of consideration become material.

3. ———: ———: ———. No defense having been shown against the account, error of the court in restricting the cross-examination of certain witnesses as to the consideration for the assignment *held* not prejudicial.

4. Review. Evidence *held* to sustain the verdict, and there is no error in the record.

ERROR to the district court for Pawnee county. Tried below before APPELGET, J.

*G. M. Humphrey*, and *H. C. Lindsay*, for plaintiff in error, cited: 1 Greenleaf, 446; *Cropsey v. Averill*, 8 Neb., 158.

*J. K. Goudy, contra.*

MAXWELL, CH. J.

This action was brought upon an account for services rendered to the plaintiff in error by G. W. Collins, a physician. The sum prayed for is $210.50 with interest from August 19, 1886. The action was brought by the defendants in error as assignees of the account. The defenses are as follows:

First—That the assignees are not the real parties in interest.

Second—A denial that Collins performed the services charged for.

Third—That the services were carelessly, negligently, unprofessionally, and unskillfully performed, etc., and failed to effect a cure, and the doctor was guilty of betraying the secrets of his patient, etc. A large amount of testimony was taken on the trial and the jury returned a verdict in favor of the defendants in error in the sum of $257.51, upon which judgment was rendered.

It is contended on behalf of the plaintiff in error that there is no sufficient proof of the assignment of the ac-

Barnett v. Ellis.

count to the defendants in error. We think differently, however. As between the parties any absolute transfer of all the interests of the assignor is sufficient to entitle the assignee to maintain an action on the claim. So that the assignment is absolute, and of the entire interest, the amount of consideration is not material. Where the rights of a creditor will not be affected a party may give an account to another who may bring suit thereon. A mere donee, however, would take the account open to all the defenses which could have been made against it up to the time of assignment in the hands of the assignor. So if there are defenses against the account and the assignee claims to be a *bona fide* purchaser, the amount and kind of consideration become material, as showing the good faith of the transaction or the want of it.

In the case at bar the cross-examination of the witnesses as to the consideration for the assignment is too restricted, and had any defense been shown to the account itself, would be cause for reversing the judgment. But no real defense is shown to the account. The visits charged seem to have been made, and this court cannot say that the charges are excessive. The question seems to have been fairly submitted to the jury and no objections are made to the instructions. The charge of negligence is not borne out by the testimony. There is no error apparent in the record and the judgment is

AFFIRMED.

THE other judges concur.